## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SOFIAN ELKHAROUBI, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No. 3:05-CV-0256-BH (P) |
| v. | § | |
| | § | ECF Case |
| JPMORGAN CHASE BANK, N.A.,[1] | § | |
| | § | |
| **Defendant.** | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order Transferring Case*, filed March 14, 2005, this matter has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court is *Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment* ("MSJ"), filed November 16, 2005. Plaintiff did not file a response.[2] Based on the motion and the applicable law, the Court finds that the motion should be **GRANTED**.

## I.  BACKGROUND

Plaintiff Sofian Elkharoubi ("Plaintiff") filed suit in state court against Defendant JPMorgan Chase Bank ("Chase") on January 18, 2005, in the 101st District Court of Dallas County, Texas. Plaintiff alleges in his original petition that on or about August 1, 1992, he opened a savings account with Chase. (Orig. Pet. at 2.) At that time, he also rented a safety deposit box at a fee of $25 per

---

[1]Defendant formerly appeared in the case caption as Bank One; however, Defendant indicated in its Certificate of Interested Parties that JPMorgan Chase Bank, N.A., as the successor by merger to Bank One, N.A., should appear in the caption instead  (*See* Docket Entry No. 2.)

[2]On November 16, 2005, the Court issued an order directing Plaintiff to file a response by December 6, 2005. To date, Plaintiff has filed no response.

year, with the fee to be automatically billed to his Chase account. *Id*. The safety deposit box, he asserts, contained his citizenship documents, driver's license, marriage certificate, passport, educational degrees, other legal documents, and family jewelry valued at $30,000. *Id*. Plaintiff's original petition further alleges that he periodically checked the contents of the safety deposit box and discovered in April 2004 that the contents of the box were missing. *Id*. On the basis of these events, Plaintiff brings breach of contract, Deceptive Trade Practices Act ("DTPA"), bailment, premises liability, and trespass claims against Chase. *Id*. at 3-5. By his suit, Plaintiff seeks economic damages, damages for mental anguish, attorney's fees, and other compensation. *Id*. at 5-6.

Chase removed the action to federal court on February 4, 2005, on diversity grounds. On November 16, 2005, Chase moved for summary judgment, arguing that all of Plaintiff's claims sound in contract and are time-barred. (MSJ at 1.)

## II.  ANALYSIS

### A.    Summary Judgment Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material

fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Where, as here, the nonmovant fails to respond to the motion for summary judgment, such failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition,

Chase's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F. Supp. at 1002).

## B.   Statutes of Limitations

Because the Court's jurisdiction in this case is based on diversity of citizenship, the Court applies Texas law. *See Herrmann Holdings Ltd. v. Lucent Techns. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938)). Under Texas law, the statute of limitations on Plaintiff's breach of contract claims is four years. TEX. BUS. & COM. CODE § 2A.506(a)(b). For Plaintiff's bailment, premises liability, trespass, and DTPA claims, the statute of limitations is two years. TEX. CIV. PRAC. & REM. CODE § 16.003; TEX. BUS. & COM. CODE § 17.56. Thus, Plaintiff's breach of contract claim is barred by the statute of limitations if it accrued prior to January 2001, and his remaining claims are barred by the statute of limitations if they accrued prior to January 2003.

### 1.   Accrual of the Cause of Action

"[W]hen a cause of action accrues is a question of law." *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (citing *Moreno v. Sterling Drug, Inc*., 787 S.W.2d 348, 351 (Tex. 1990)). "As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Knott,* 128 S.W.3d at 221 (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc*., 962 S.W.2d 507, 514 (Tex.1998); *Murray v. San Jacinto Agency, Inc*., 800 S.W.2d 826, 828 (Tex. 1990)). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Knott,* 128 S.W.3d at 221 (citing

*S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).

Chase asserts that "[a]ll of [Plaintiff's] claims (if any) accrued in August 1998 when he stopped paying rent on Box 0011385." (MSJ at 8.)  Alternatively, Chase argues that "[a]t the very latest, the claims accrued a month later in September 1998 when he received his August bank statement and it did not contain a debit for the $25.00 annual fee for lease of Box 0011385." Plaintiff's claims focus on his assertion that Chase materially breached the rental agreement by failing to keep the safety deposit box for his exclusive use and failing to return the contents of the box to him.  (Orig. Pet. at 3.)  According to documents provided in support of Chase's summary judgment motion, any nonpayment of rent on Plaintiff's part would have set into motion a series of actions on the bank's part which would have spanned several months.  (MSJ App. at 35.)  Thus, the date of Plaintiff's first nonpayment of rent would not indicate the precise date on which the box's contents would have been removed.  Instead, the dates of August 1998 and September 1998 point to occasions on which Plaintiff may first have had notice of a problem with respect to his safety deposit box.

While Plaintiff's cause of action does not appear to have accrued as early as August or September 1998, evidence Chase submitted with the summary judgment motion indicates that Box 0011385 was leased to a new individual on November 10, 1998.  (MSJ App. at 4, 39.)  It is therefore clear that the actions Plaintiff complains of–Chase's alleged failure to keep the box for his exclusive use and return the contents to him–occurred at the latest on November 10, 1998.  *See Pecoraro v. M & T Bank Corp.*, 11 A.D.3d 950, 951, 782 N.Y.S.2d 481 (N.Y. Supr. Ct. 4th App. Dept. 2004) (finding that plaintiffs' action for conversion based on destruction of safety deposit boxes accrued on date boxes were delivered to scrap dealer); *Bilinski v. Farmers Bank of the State of Del.*, 1982

WL 172848, at *1 (Del. Super. Ct. Nov. 9, 1982) (finding that statute of limitations on plaintiff's claim that contents of her safety deposit box were wrongfully removed by bank for nonpayment of rent began running when contents of box were removed).  Thus, while Chase has not pinpointed the precise date that the statute of limitations began running on Plaintiff's breach of contract claim, Chase has presented evidence that the injury to Plaintiff, if any, would have occurred by November 10, 1998.  For the purpose of deciding the instant motion, then, the Court finds that the statute of limitations on Plaintiff's claims began to run at the latest on November 10, 1998.

Plaintiff filed the instant suit in January 2005, more than six years and one month after the statute of limitations began running on his claims.  Accordingly, unless an exception applies, all of his claims are barred by the statute of limitations.

### 2.     Discovery Rule

Plaintiff alleges in his complaint that he did not realize that a problem existed with respect to his safety deposit box until April 2004.  (Orig. Pet. at 2.)  Thus, Plaintiff appears to raise the discovery rule as an exception to the application of the statute of limitations to his claims.  Chase contends in its motion for summary judgment that the discovery rule does not apply to Plaintiff because he failed to exercise reasonable diligence by reviewing his bank statements or visiting the safety deposit box.  (MSJ at 5.)

In Texas, the discovery rule is "a very limited exception to statutes of limitations." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex.1996)).  "The discovery rule has been applied in limited categories of cases to defer accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action."  *HECI*

*Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998) (citing *Altai*, 918 S.W.2d at 455).  The discovery rule applies "only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Horwood*, 58 S.W.2d at 734 (citing *Altai*, 918 S.W.2d at 455-56).

"An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Horwood*, 58 S.W.3d at 734-35 (citing *S.V. v. R.V.*, 933 S.W.2d at 7; *Altai*, 918 S.W.2d at 456).  "'Inherently undiscoverable' does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period." *Horwood*, 58 S.W.3d at 735 (citing *S.V. v. R.V.*, 933 S.W.2d at 7).  Instead, a court determines "whether an injury is inherently undiscoverable on a categorical basis[.]" *Horwood*, 58 S.W.3d at 735 (citing *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex. 2001)) (other citations omitted).  "[S]uch an approach 'brings predictability and consistency to the [discovery rule] jurisprudence.'" *Horwood*, 58 S.W.3d at 735 (citing *Apex Towing Co.*, 41 S.W.3d at 122) (other citations omitted).

The Texas Supreme Court has never considered whether the discovery rule applies to cases involving injuries such as those alleged by Plaintiff, nor could the Court locate any decisions by other Texas courts examining the issue.  Thus, the Court must determine whether Chase's alleged failure to keep Plaintiff's box for his exclusive use and return the contents of that box to him are the types of injuries that generally are discoverable by the exercise of reasonable diligence.  *Horwood*, 58 S.W.3d at 735 (citing *HECI*, 982 S.W.2d at 886).

Chase contends that Plaintiff could have discovered that the safety deposit box no longer contained his possessions had he exercised reasonable diligence.  (MSJ at 5.)  As the holder of a

safety deposit box, Plaintiff clearly had some obligation to exercise reasonable diligence to protect his interest in that box. Chase presents evidence that it sent Plaintiff monthly bank statements allowing him to monitor the annual deduction of the safety deposit box fee. (MSJ App. at 5-28.) In addition, Chase points out that Plaintiff could have visited the safety deposit box at any time. (MSJ at 5, 8-9.) Reasonable diligence in the leasing of a safety deposit box would include review of monthly bank statements and occasional physical checks of the box. Plaintiff does not contend that Chase failed to send statements, withheld access to the box, or fraudulently concealed information about the safety deposit box, or in any way prevented him from discovering that his box had been leased to another individual. The Court therefore finds that the injuries Plaintiff complains of were not inherently undiscoverable. Moreover, had Plaintiff exercised reasonable diligence, he could have discovered that his safety deposit box had been leased to another individual within the four-year running of the statute of limitations on the breach of contract claim, or the two-year statute of limitations on Plaintiff's other claims. Accordingly, the Court finds that the discovery rule does not apply to defer the accrual of Plaintiff's claims.[3] Because the Court finds that the injury alleged by Plaintiff is not inherently undiscoverable, the Court need not consider whether it is objectively

---

[3]While, as noted above, no other Texas cases address whether the discovery rule should be applied to the types of injuries alleged by Plaintiff, a Delaware court addressed a similar claim in *Bilinski v. Farmers Bank of the State of Delaware* and reached a conclusion consistent with the Court's finding herein. The plaintiff in *Bilinski* brought suit after discovering that her bank had drilled her safety deposit box for nonpayment of rent. 1982 WL 172848, *1. The bank argued that the plaintiff's suit was barred by the 3 year statute of limitations applicable to her claim, because it was filed over 3 years after the bank had drilled her safety deposit box. *Id.* The court found that neither of the two exceptions to the running of the statute of limitations applied, as the plaintiff had alleged no fraudulent or affirmative concealment, nor was the "time of discovery" rule applicable. *Id.* at *2. The court observed that the decisions applying the discovery rule involved plaintiffs who were laypersons relying on the expertise of professionals performing services involving no observable or objective factors that could put a plaintiff on notice of a problem. *Id.* In contrast, the drilling of the safety deposit box was not "inherently unknowable," as the plaintiff could have observed the box at any time she chose to, and the box itself was "objectively observable." *Id.* Moreover, the lease agreement she signed provided her with notice of the bank's drilling policy for nonpayment of rent. *Id.* On these grounds, the court found that the time of discovery rule did not apply to that fact situation. *Id.* Thus, *Bilinski* lends support to Court's decision that the discovery rule does not apply to the injuries alleged by Plaintiff.

verifiable. *Horwood*, 58 S.W.3d at 737.

In sum, Chase has established the affirmative defense of limitations by conclusively showing that Plaintiff's causes of action accrued more than 4 years before he filed suit. In addition, Chase has demonstrated that no genuine issue of material fact exists with respect to whether the discovery rule applies to the injuries alleged by Plaintiff. Thus, Chase has shown that Plaintiff's action is barred by the statute of limitations. Plaintiff, who did not respond to Chase's motion, has failed to adduce summary judgment proof raising a fact issue with respect to the application of the statute of limitations or an exception thereto. Accordingly, the Court finds that Chase's motion for summary judgment based on the statute of limitations should be granted.[4]

## IV. CONCLUSION

For the foregoing reasons, *Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment* is **GRANTED**, and Plaintiff's claims are **DISMISSED** with prejudice.

**SO ORDERED** on this 5th day of January, 2006.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4]Chase also argues that all of Plaintiff's allegations are based on Chase's alleged breach of a contract with Plaintiff for the rental of the safety deposit box, and that his other claims are therefore moot under Texas law. (MSJ at 6, 9.) The Court need not reach this issue, however, based on its finding that the all of Plaintiff's claims are barred by the statute of limitations.